1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

CAROL J. BEAUDU, individually and in her
capacity as administrator of the estate of
MARCEL R. BEAUDU, DANIELLE
BEAUDU and EVAN BEAUDU,

Plaintiffs,

v.

STARWOOD HOTELS AND RESORTS
WORLDWIDE, INC.,

Defendant.

No.  C04-2137Z

ORDER

17

18

19

20

21

22

23

24

25

26

**I.**

Marcel Beaudu, a FedEx international airline pilot, experienced a heart attack and

died while staying at the Sheraton Hong Kong Hotel & Towers ("the Hotel") in Kowloon,

Hong Kong, on October 22, 2001.  Complaint, docket no. 1, at ¶¶ 1, 10.  Mr. Beaudu's stay

was arranged, scheduled, and paid for by his employer, Federal Express Corporation

("FedEx"), under a Flight Crew Housing Agreement with the Hotel.  Taeger Decl., docket

no. 23, at ¶¶ 3, 4, 6.  The Hotel was owned by Consolidated Hotels Limited ("CHL"), a

Hong Kong corporation with its registered offices in Hong Kong.  Arawwawela Decl.,

docket no. 19, at ¶ 4.  The Hotel was operated by Sheraton International Hong Kong Limited

("SIHKL"), a Hong Kong corporation with its registered offices in Hong Kong.  Id. at ¶ 3.

ORDER   1–

1    At the time of Mr. Beaudu's death, SIHKL was owned by Sheraton International, Inc., a

2    Delaware corporation, which was owned by Sheraton Corporation, a Delaware corporation,

3    which was owned by Sheraton Holding Corporation, a Nevada corporation, which was

4    owned by the Defendant in this action, Starwood Hotels and Resorts Worldwide, Inc.

5    ("Starwood").  D'Alessandro Decl., docket no. 21, at ¶ 6.

6          This action is brought by Carol Beaudu, administrator of the estate of Marcel Beaudu.

7    Ms. Beadu also filed and served a separate wrongful death and survival action in Hong Kong

8    against SIHKL, the operator of the Hotel.  Wallace Decl., docket no. 25, ¶¶ 3-5, Tuffley

9    Decl., docket no. 24, Exs. D-F; Leung Decl, docket no. 22, ¶ 3.  In the Hong Kong action,

10   Plaintiff Carol Beaudu alleges that SIHKL negligently operated the Hotel.  See Tuffley

11   Decl., docket no. 24, Exs. D, E.  Defendant SIHKL admits that it operated the Hotel.

12   Tuffley Decl., docket no. 24, ¶ 9; Arawwawela Decl., docket no. 19, ¶¶ 3, 5-7.

13         Plaintiffs allege Defendant Starwood negligently failed to establish and implement a

14   policy for summoning emergency medical assistance consistent with the standard of care in

15   the industry, delayed summoning medical assistance, and failed to summon an ambulance

16   with automatic defibrillation capability.  Complaint, docket no. 1, ¶ 12.

17                                              **II.**

18         Defendant moves for dismissal of Plaintiffs' wrongful death and survival claims

19   pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on grounds that Carol Beaudu is not the

20   personal representative of the estate.  See Motion to Dismiss, docket no. 18.  At the time of

21   the filing, Carol Beaudu had been discharged as personal representative.  However, on April

22   27, 2005, Ms. Beaudu petitioned for reappointment as personal representative of her

23   deceased husband's estate.  See Withey Decl., docket no. 31, Ex. A.  That petition was

24   granted.  Id., Ex. B.  Fed. R. Civ. P. 17(a) provides a liberal standard for the substitution of

25   the real party in interest, and for relation back to the date of filing.  Defendant's Reply does

26   not argue Ms. Beaudu's reappointment is not effective back to the date of filing.  Thus, the

ORDER   2–

1  Court DENIES Defendant's Motion to Dismiss Carol J. Beaudu's claims as personal

2  representative of the estate, docket no. 18.

3                                              **III.**

4          Defendant has moved the Court for abstention under the <u>Colorado River</u> doctrine, or

5  dismissal under the doctrine of *forum non conveniens*.  Central to both inquiries is choice of

6  law.  Federal courts in diversity apply the forum state's choice of law rules where a conflict

7  exists.  <u>Klaxon v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487 (1941).  The parties agree that

8  Washington and Hong Kong law do not conflict with regard to liability.  However, a conflict

9  exists with regard to damages.  Bereavement damages are limited under Hong Kong law to

10 $150,000 Hong Kong dollars, or approximately $19,000 U.S. dollars.

11         In addressing choice of law, Washington follows the "most significant relationship"

12 test under the Restatement (Second) of Conflict of Laws to determine which jurisdiction's

13 substantive law will apply.  <u>Williams v. State</u>, 76 Wash. App. 237, 241 (1994).  The "most

14 significant relationship" test is not merely the counting of contacts but consideration of

15 contacts which are most significant.  <u>See</u> <u>Southwell v. Widing Transp., Inc.</u>, 101 Wash. 2d

16 200, 204 (1984).  Contacts considered include (a) the place where the injury occurred; (b)

17 the place where the conduct causing the injury occurred; (c) the domicile, residence,

18 nationality, place of incorporation and place of business of the parties; and (d) the place

19 where the relationship, if any, between the parties is centered.

20         Here, there is no allegation of wrongdoing in Washington, and the only connection to

21 Washington is Mr. Beaudu's residence here.  Washington's interest in seeing its residents

22 compensated for injuries is not overriding where other contacts with Washington are

23 minimal.  <u>Rice v. Dow Chem. Co.</u>, 124 Wash. 2d 205, 216 (1994).

24             Although [residency] is a real interest, recognizing this as an overriding concern,
               despite the lack of contacts, would mean that Washington law would be applied
25             in all tort cases involving any Washington resident, regardless of where all the
               activity relating to the tort occurred.  Furthermore, residency in the forum state
26             alone has not been considered a sufficient relation to the action to warrant
               application of forum law.  <u>See</u>, <u>e.g.</u>, Restatement (Second) of Conflict of Law §

ORDER   3–

145 cmt. e (1971) ("The fact . . . that one of the parties is domiciled . . . in a given state will usually carry little weight of itself.")

Id.  Plaintiffs argue that "the [jurisdiction] where the injury occurs does not have a strong interest in compensation if the injured plaintiff is a non-resident."  See, e.g., Bryant v. Silverman, 703 P.2d 1190, 1194 (Ariz. 1985); see also Card v. American Brands Corp., 401 F. Supp. 1186 (S.D.N.Y. 1975) (Loss of consortium claim for an accident in Virginia was a claim of injury "to the marriage -- an incident of Oregon.").  However, the numerous connections to Hong Kong in this case compel a finding that Hong Kong has the most significant relationship to this action.  The injury occurred in Hong Kong.  Hong Kong is the place of incorporation for the owner and operator of the Hotel.  Hong Kong is the place of performance of the Crew Housing Agreement between FedEx and the Hotel.  Hong Kong is the location where the Hotel operator is alleged to have negligently operated the Hotel, and where Starwood is alleged to have negligently participated in the operation of the Hotel.  Accordingly, for the purposes of this motion, the Court finds that Hong Kong law would apply where a conflict of law exists.

### Forum Non Conveniens

Defendant Starwood moves for dismissal under the doctrine of *forum non conveniens*.  The doctrine of *forum non conveniens* is based on the inherent power of the courts to decline jurisdiction in exceptional circumstances.  Paper Operations Consultants Int'l, Ltd. v. SS Hong Kong Amber, 513 F.2d 667, 670 (9th Cir. 1975).  The doctrine requires that the court have jurisdiction and venue, and a threshold determination that an alternative forum exists.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981).

The plaintiff's choice of forum should rarely be disturbed.  See Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947).  However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because

ORDER  4–

1   of considerations affecting the court's own administrative and legal problems," the court

2   may, in the exercise of its sound discretion, dismiss the case.  <u>Koster</u>, 330 U.S. at 524.  The

3   Court should consider both "private interest factors" affecting the litigants and "public

4   interest factors" affecting the forum in determining whether dismissal is appropriate.

5   <u>Gilbert</u>, 330 U.S. at 508-509.

6        The Court previously determined that the courts in Hong Kong are an adequate

7   alternative forum, and that for the purposes of this analysis, Hong Kong law would apply

8   where there is a conflict of law.

9   **1.    Private Interest Factors**

10       Factors pertaining to the private interests of litigants include the "relative ease of

11  access to sources of proof; availability of compulsory process for attendance of unwilling,

12  and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if

13  view would be appropriate to the action; and all other practical problems that make trial of a

14  case easy, expeditious and inexpensive."  <u>Gilbert</u>, 330 U.S. at 508.

15       *a.    Sources of proof*

16       The events relating to Mr. Beaudu's death took place in Hong Kong; the parties agree

17  that nearly all of the witnesses to those events reside in Hong Kong.  <u>See</u> Def. Motion,

18  docket no. 17, at 15.  Plaintiffs' argument that its experts reside in Washington State, and

19  that Starwood's policy and procedure witnesses reside in the United States, is unpersuasive.

20  Pl. Response, docket no. 27, at 19.  The Court acknowledges that expert testimony, and

21  policy and procedure testimony, may play an important role in this case.  However,

22  numerous fact witnesses are located in Hong Kong and will have no interest in this litigation

23  apart from their involvement in the incidents in Hong Kong.  Nearly all sources of proof

24  relating to this action are centered in Hong Kong.  As such, the Court concludes that this

25  factor strongly favors proceedings in Hong Kong.

26

b.      *Availability of witnesses*

The availability of compulsory process to obtain the attendance of hostile witnesses, and the cost of transporting friendly witnesses, is an important consideration in determining the best location for proceedings.  Plaintiff argues that because Starwood owns Sheraton Hotels, it will not have difficulty securing the cooperation of employees.  However, this argument does not favor of proceedings in the United States because it ignores the witnesses who are not employees of Sheraton Hotels, the added cost, and the unavailability of compulsory process.  All Hong Kong witnesses, including staff, management, ambulance personnel, physicians, hospital staff, and mortuary staff, would not be subject to compulsory process.  Starwood cannot be presumed to have control over these witnesses.  Moreover, proceedings in the United States would be extraordinarily inconvenient for these witnesses.  The inconvenience to Plaintiff is mitigated somewhat because she is participating in a separate Hong Kong action.  This factor weighs in favor of proceedings in Hong Kong.

c.      *View of premises*

Defendant does not argue a need to view the premises of the Hotel in Hong Kong, and this factor does not assist the Court in determining the most convenient forum.

d.      *Policy favoring an expeditious trial*

Hong Kong proceedings and procedures will be more effective in obtaining documents and testimony from witnesses and sources related to this incident than would the procedures of this Court, as applied in Hong Kong.  Discovery will be more efficient and less expensive when conducted by local courts.  Because Hong Kong law will apply, the Hong Kong court is better suited to applying its own law to the facts of this case.  Plaintiff's argument that this case would be more efficiently and conveniently tried in Seattle, where this Court is unfamiliar with Hong Kong law and unable to compel the production of any evidence or the testimony of any witness, is unpersuasive.  The policy favoring an expeditious trial supports proceedings in the Hong Kong forum.

1  **2.     Public Interest Factors**

2          Public factors include the administrative difficulties flowing from court congestion;

3  the "local interest in having localized controversies decided at home"; the interest in having

4  the trial in a forum that is at home with the law that must govern the action; the avoidance of

5  unnecessary problems in conflict of laws, or in the application of foreign law; and the

6  unfairness of burdening citizens in an unrelated forum with jury duty.  <u>Gilbert</u>, 330 U.S. at

7  509.

8          *a.     Administrative difficulties*

9          Duplicative litigation of foreign events imposes an administrative burden on the

10  Courts and the administrative burden flowing from court congestion must be considered as

11  part of the Court's analysis.  This duplicative litigation mirrors proceedings in a foreign

12  court, and imposes an additional administrative burden on the federal courts.  In addition,

13  duplicative litigation of foreign events imposes a litany of administrative difficulties on the

14  court system, and thus favors proceedings in the foreign forum.

15          *b.     Local interest in having the matter decided locally*

16          This controversy is localized in Hong Kong and Hong Kong has an interest in having

17  the matter decided locally.  At the time of the incident Mr. Beaudu was a guest in a Hong

18  Kong Hotel owned and operated by a Hong Kong corporation.  He was attended to by

19  paramedics and physicians in Hong Kong, and treated in a Hong Kong Hospital.  His

20  autopsy took place in Hong Kong, and his death was investigated by Hong Kong authorities.

21  The negligence alleged would have occurred in Hong Kong.  Hong Kong has a strong

22  interest in these events and in this litigation, and a unique interest in applying Hong Kong

23  law.  Moreover, Plaintiff does not seek enforcement of federal law, and brings this suit in

24  diversity only.  This factor favors the Hong Kong forum.

25

26

1    *c.      Trial of a diversity case in a forum at home with governing law*

2        Because the Court has determined that Hong Kong law will apply in the event of a

3    conflict of law, this factor favors proceedings in the Hong Kong forum.

4    *d.      Avoidance of unnecessary problems in conflict of laws*

5        This factor favors the Hong Kong forum, in order to avoid a complex exercise in

6    comparative law, where the Court would be required to "untangle problems in conflict of

7    laws, and in law foreign to itself."  See Piper Aircraft, 454 U.S. at 251.

8    *e.      Burden of jury duty on citizens in an unrelated forum*

9        Jury duty is a burden that ought not be imposed upon people of a community which

10   have no relation to the litigation.  Gilbert, 330 U.S. at 508.  Although Mr. Beaudu was a

11   Washington resident, the events surrounding this incident took place in Hong Kong and this

12   factor weighs in favor of the Hong Kong forum.

13       The public and private interest factors weigh heavily in favor of the Hong Kong forum

14   and in favor of dismissal for *forum non conveniens*.  Because the Court concludes that *forum*

15   *non conveniens* dismissal is appropriate, the Court does not reach the issue of abstention.

16                                              **IV.**

17       The Court GRANTS Defendant's Motion to Dismiss for *Forum Non Conveniens*,

18   docket no. 17.  The Court DENIES Defendant's Motion to Dismiss Carol Beaudu's claims as

19   Personal Representative, docket no. 18, and DENIES AS MOOT the remainder of

20   Defendant's Motion to Dismiss or for Summary Judgment, docket no. 18.

21       IT IS SO ORDERED.

22       Dated this 8th day of August, 2005.

23

24   _____

25                                    Thomas S. Zilly
                                      United States District Judge

26

ORDER  8–

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   9–